IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HUGO ZUNIGA                          :        CIVIL ACTION
                                     :
                                     :
          v.                         :
                                     :
                                     :
PENNSYLVANIA BOARD OF                :
PROBATION AND PAROLE, et al.         :        NO. 05-5517


                          **O R D E R**

      **AND NOW,** this     day of March, 2007, upon careful and independent consideration of the

Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and all

attendant and responsive briefing, and after review of the Report and Recommendation of United

States Magistrate Judge M. Faith Angell (Doc. No. 29), and consideration of Petitioner's Objections

to the Magistrate Judge's Report and Recommendation (Doc. No. 34), and the responses thereto, **IT

IS HEREBY ORDERED** that:

      1.      Petitioner's Objections are **OVERRULED**;

      2.      The Report and Recommendation of Magistrate Judge Angell is **APPROVED** and

              **ADOPTED**[1];

---

[1] Plaintiff's Objections to the Magistrate Judge's Report and Recommendation present no new
issues or arguments.  He objects to that part of the Report and Recommendation addressed to the
untimeliness of federal habeas review of his convictions on the ground that he is entitled to equitable
tolling of the statute of limitations.  In his Petition, Zuniga asserted only that he was innocent due
to his crime of conviction having never been charged in the indictment.  Judge Angell correctly
concluded that this argument is inadequate to equitably toll the statute of limitations.  See Sweger
v. Chesney, 294 F.3d 506, 522-23 (3d Cir. 2002) (holding that actual innocence means factual
innocence, not mere legal insufficiency).  Zuniga's Objection to this finding is that he is **both**
factually innocent and legally innocent, and thus entitled to equitable tolling.  We overrule this

Objection. The record clearly reflects that Zuniga never presented the issue of his factual innocence to the state courts, neither has he supported his Objection with new reliable evidence that was not presented at trial. See Schlup v. Delo, 513 U.S. 614, 623 (1998) (habeas petition asserting actual innocence must present new reliable evidence not presented at trial).

Petitioner next Objects to the recommendation that he can state no Due Process claim arising from the manner in which the Pennsylvania Board of Probation and Parole considered, as part of its parole determinations, that he failed to participate in prison sex offender therapy programs. We overrule his Objections. As regards the procedural aspect of Zuniga's Due Process claim, Judge Angell correctly determined that an inmate has no liberty interest in the possibility of parole that is protected by the Due Process Clause, see Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979), and that, while states may create liberty interests protected by the Due Process Clause, Pennsylvania has created no such interest in the grant or denial of parole. Bonilla v. Vaughn, No. 97-7440, 1998 WL 480833 at *8 (E.D. Pa. Aug. 14, 1998) (holding that because parole is discretionary, Pennsylvania prisoners have no protected liberty interest in the grant of parole).

As regards the substantive aspect of Zuniga's Due Process claim, there was no error in the Magistrate Judge's recommendation that Zuniga has not established that the decision to deny his parole was arbitrary or founded on impermissible criteria. Although couched as a substantive due process claim, Zuniga is essentially making a Fifth Amendment claim that requiring him to admit his crime to participate in treatment, and making that participation of condition of parole, constitutes self-incrimination. Judge Angell correctly rejected Zuniga's assertion that the Board's requirement that he participate in sex offender treatment programs affected a fundamental liberty interest because participation in the program was voluntary for persons convicted of sex crimes prior to the passage of 42 Pa. Cons. Stat. Ann. § 9718.1. Thus, there were no adverse consequences arising from Zuniga's choice not to participate. See McKune v. Lile, 536 U.S. 24, 35 (2002) (rejecting claims similar to Petitioner's, holding that the adverse consequences faced by a state prisoner for refusing to admit guilt before participating in a sex offender treatment program "does not compel prisoners to incriminate themselves in violation of the Constitution"). As Zuniga's refusal to participate did not extend his sentence or automatically deny him parole, and the record is clear that his failure to participate was only one factor of several that the Board cited in denying his parole, the treatment program's requirement that prisoners admit the nature and circumstances of their sex offenses did not lead to an arbitrary parole decision.

Neither was consideration of his failure to participate a violation of the Ex Post Facto Clause. See Richardson v. Pennsylvania Board of Probation and Parole, 423 F.3d 282, 284 (3d Cir. 2005) (holding that a petitioner must show both a retroactive change in law or policy and that the change caused the individual a disadvantage by creating a significant risk of increasing his punishment). The Magistrate Judge's conclusion that Zuniga could not meet the second prong of the test because the sex offender program requirement was made a mandatory condition of parole *only* for inmates whose offenses were committed after the effective date of the act, see 42 Pa. Cons. Stat. Ann. § 9718.1 (making act effective 60 days after passage), was correct. Although the Board erroneously referred to § 9718.1 as applying to Zuniga in its July 2003 parole determination, there was no error in the Magistrate Judge's conclusion that Zuniga was not prejudiced by the error because § 9718.1(a)

2

3.  The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is

**DENIED**;

4.  Since the Petitioner has failed to make a substantial showing of the denial of a

constitutional right, the Court declines to issue a certificate of appealability under 28

U.S.C. § 2253(c)(2); and

---

was one of several reasons given for the July 2003 parole denial.  In its subsequent parole decisions, the Board did not reference § 9718.1.

Zuniga's Objection to this portion of the opinion is overruled. He argues that his sentencing judge did not make participation in a sex offender program a specific requirement of parole, and the Board could not base its parole determination on a factor not ordered by the sentencing judge.  While Zuniga is correct that one of the factors the Board can consider in making its determination is "any recommendations made by the trial judge and prosecuting attorney," the Board also has the statutory prerogative under 61 Pa. Cons. Stat. Ann. § 331.19 to "consider the nature and circumstances of the offense committed" and "the general character and background of the prisoner." Thus, whether or not the sentencing judge made a recommendation concerning sex offender treatment does not bind the hands of the Board in its parole determination.

Finally, Zuniga's claims that the 1996 amendments to the Pennsylvania Parole Act have resulted in the Board applying stricter standards to his parole decision due to the nature of his crimes, and that this retroactive change is unconstitutional, were properly rejected by Judge Angell.  She determined that the Board's decisions were based on numerous factors cognizable under the old parole standard, including Zuniga's denial of the nature and circumstances of his crimes, his failure to accept responsibility therefor, his lack of remorse, his interview with the hearing examiner, and his unacceptable compliance with institutional programs.  Having independently reviewed Zuniga's submissions, we find that he has made no attempt to demonstrate how the 1996 amendment disadvantaged him by creating a significant risk of increasing his punishment.  See Garner v. Jones, 529 U.S. 244, 255 (2000) (holding that to be eligible for habeas corpus based on a violation of the Ex Post Facto Clause, a petitioner must show both a retroactive change in law or policy and that this change caused individual disadvantage by creating a significant risk of increasing his punishment) and Calif. Dep't. of Corr. v. Morales, 514 U.S. 499, 510 n. 6 (1995) (holding that a prisoner carries "the ultimate burden of establishing that the measure of punishment itself has changed," and "must show that as applied to his own sentence the law creates a significant risk of increasing his punishment").  Accordingly, there was no Ex Post Facto Clause violation arising from the Board's consideration of his failure to participate in prison sex offender programs as part of its decision to deny Zuniga's parole.

5.    The Clerk shall **CLOSE** this case statistically.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.