IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUGO ZUNIGA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE, et al. | : | NO.  05-5517 |

## ORDER-MEMORANDUM

**AND NOW**, on this 18th day of June, 2008, upon consideration of Petitioner's Motion to "Re-Open Previous Habeas Corpus Pursuant to Federal Rules of Civil Procedure, Rule 60(b)" (Docket No. 39), the Respondents' Response in Opposition to the Motion, Petitioner's Reply to Respondents' Response, and Petitioner's Motion to take Judicial Notice (Docket No. 42), **IT IS HEREBY ORDERED** that:

1.      Petitioner's Motion to take Judicial Notice is **GRANTED**; and

2.      Petitioner's "Motion to Re-Open Previous Habeas Corpus" is **DENIED**.

In 1997, a jury convicted Petitioner Hugo Zuniga of, among other things, involuntary deviate sexual intercourse.  On October 10, 2005, Zuniga filed a habeas petition pursuant to 28 U.S.C. § 2254 attacking that conviction.  His habeas petition raised four claims challenging his 1997 conviction and sentence, all of which we dismissed as untimely pursuant to the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241-2266.  See Zuniga v. Pennsylvania Bd. of Prob. and Parole, Civ. A. No. 05-5517, 2007 WL 1002179 (E.D. Pa. Mar. 29, 2007).

In his current Motion to Re-Open, Zuniga seeks to reopen his case and have his habeas claims heard on the merits, contending that we erred in dismissing his claims as time-barred instead of finding them subject to equitable tolling.  He seeks relief pursuant to Federal Rule of Civil

Procedure 60(b).

A Rule 60(b) motion attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding." Gonzales v. Crosby, 545 U.S. 524, 532 (2005); see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d. Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits.") An "on the merits" resolution in this context is a "determination that there exist or do not exist grounds entitling a petition to habeas corpus relief" and does not refer to any decision precluding a merits determination by denying a habeas petition "for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Gonzales, 545 U.S. at 532 n.4. Here, Zuniga's Motion to Re-Open attacks our procedural determination that his habeas petition was time-barred, and the only relief he seeks is reinstatement of his habeas claims so that the merits of those claims may be addressed. Accordingly, it is a properly-filed Rule 60(b) motion.

Under Rule 60(b), a petitioner can obtain relief from a final judgment for any one of six specified reasons. See Fed. R. Civ. P. 60(b). Zuniga asserts that he is relying on the catch-all reason set forth in subsection (b)(6), i.e., "any other reason that justifies relief," arguing that we erred in dismissing his claims on statute of limitations grounds, when we should have found the statute to be equitably tolled both because his attorney passed away and because he cannot read or write the English language. Fed. R. Civ. P. 60(b)(6). While relief under Rule 60(b)(6) is only available in cases where there is evidence of "extraordinary and special circumstances," Pridgen, 380 F.3d at 728 (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986)), Zuniga argues that he has met this

standard here, because he was "prevented in an extraordinary way from [timely] asserting his claims and filing his Habeas petition" on account of his attorney's death and his limited English skills. (Mot. to Re-Open at 5.)

As an initial matter, it is well-settled in this Circuit that "'[l]egal error does not by itself warrant the application of Rule 60(b).'" Pridgen, 380 F.3d at 728 (quoting Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977)). This is because "legal error can usually be corrected on appeal . . . ." Martinez-McBean, 562 F.2d at 912. Here, Zuniga's assertion that we erred in failing to equitably toll the statute of limitations is best characterized as an assertion of legal error, which is not cognizable under Rule 60(b)(6). Accordingly, we may deny Zuniga's Motion to Re-Open on this basis alone.

However, even if Zuniga's claims of error were cognizable under the Rule, we find that, contrary to his assertions, we did not err in finding his claims to be time-barred and not subject to equitable tolling. "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Zuniga first argues that we should have found the statute of limitations to be equitably tolled on account of the death of his attorney. However, the death notice that is attached to Zuniga's motion makes clear that his attorney did not pass away until on or about August of 2004. (See Exh. 1 to Mot. to Re-Open.) Meanwhile, the statute of limitations for the filing of his habeas claims expired in August of 2002, two years before his attorney's death. See Zuniga, 2007 WL 1002179, *4-*7. As an occurrence that post-dated the expiration of the statute of limitations could not have "stood in the way" of Zuniga's

3

timely filing, his claim that his attorney's death provided a basis for equitable tolling is meritless.[1]
See Pace, 544 U.S. at 418.  We therefore reject Zuniga's claim that we erred in failing to find the
statute to be tolled on account of his attorney's death.

Zuniga next argues that his lack of proficiency with the English language constituted an
"extraordinary and special circumstance" that should have tolled the statute and should have resulted
in a conclusion that his claims were timely.  The United States Court of Appeals for the Third Circuit
has not yet addressed the question of whether a language barrier can equitably toll the one-year
AEDPA limitations period.  Meanwhile, although other Courts of Appeals have held that equitable
tolling may be available where there is a language barrier, they have imposed a significant burden
on the petitioner to allege that the language barrier actually affected his ability to bring his habeas
petition in a timely fashion.  See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006) ("[A]
non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that
during the running of the AEDPA time limitations, he was unable, despite diligent efforts, to procure
either legal materials in his own language or translation assistance from an inmate, library personnel,
or other source."); Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008) ("[T]he due diligence requirement
of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts
to obtain assistance to mitigate his language ability."); Cobas v. Burgess, 306 F.3d 441, 446 (6th Cir.

---

[1] While concluding that the statute of limitations expired on August 1, 2002, and that Zuniga's
counsel passed away on or about August of 2004, the Report and Recommendation states that "[t]he
sudden death of Petitioner's appellate counsel occurred several days after the deadline for filing a
timely habeas petition expired."  Id. at *7 (emphasis added).  This appears to have been in error, as
the death plainly occurred at least two years after the deadline expired.  However, whether Zuniga's
attorney passed away several days or two years after the statute of limitations expired, our result is
the same, as the attorney's death could not provide a basis for tolling a limitations period that was
already expired.

2002) (stating that the "inability to speak, write and/or understand English, in and of itself, does not automatically" justify equitable tolling).[2]   Thus, even assuming <u>arguendo</u> that the Third Circuit would follow the lead of these other Circuits, Zuniga would not be entitled to relief here as he has not alleged any facts from which we could conclude that he was actually prevented from filing his habeas petition in a timely fashion on account of a language barrier.  Indeed, as he himself concedes in his Motion to Re-Open, he was represented by counsel, who was plainly English-speaking, until August of 2002.  Moreover, he has filed extensive pleadings on his own behalf, including a habeas petition and the instant motions, in which he demonstrates his facility with the English language. <u>See</u> <u>Mendoza</u>, 449 F.3d at 1070 ("[A] petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief.").   Under these circumstances, we do not hesitate to conclude that Zuniga's alleged language barrier does not constitute an "extraordinary and special circumstance" that could support for relief under Rule 60(b)(6).  We therefore deny Zuniga's Motion to Re-Open in its entirety.

BY THE COURT:


 /s/ John R. Padova, J.
John R. Padova, J.

---

[2]Zuniga's Motion to Take Judicial Notice asks us to consider <u>Diaz</u> and <u>Mendoza</u> in connection with his Rule 60(b) Motion.  While neither of these cases are binding on us, we nevertheless consider them and, therefore, grant Zuniga's Motion to Take Judicial Notice.